IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CALIL HARRIS ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **TRIAL BY JURY DEMANDED** |
| ) | |
| CITY OF CHICAGO ) | |
| A municipal corporation; ) | |
| OFFICER NIKOLA SARIC; ) | |
| OFFICER RYAN HALVORSEN; ) | |
| ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

### Jurisdiction and Venue

1. The incident occurred on or about February 16, 2018 in Chicago, Cook County, Illinois.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a) and the Constitution of the United States.

3. Venue is proper under 28 U.S.C. § 1391(b)(2). On information and belief, all of the events giving rise to the claims asserted herein occurred within the district. On information and belief, the Defendants all reside within the district.

Parties

4. Plaintiff Calil Harris is a resident of the City of Chicago, located in Cook County, Illinois.
5. The City of Chicago is the principal employer of the Defendant Officers in this case.
6. Chicago Police Officers Saric and Halvorson ("Defendant Officers") engaged in the conduct complained of while on duty in the course and scope of their employment with the City of Chicago and under color of law.

Facts

1. On February 16, 2018, at approximately 10:45 p.m., the Plaintiff was a backseat passenger in a vehicle driving on West Jackson Boulevard in Chicago, Illinois. In addition to the driver, there was one other person sitting in the front passenger seat of the car.
2. Chicago Police Officers Saric and Halvorsen stopped the vehicle after they allegedly saw the driver fail to use her turn signal 100 feet prior to turning. However, there is no evidence-video or otherwise- that supports the Defendant Officers' claim. The in-car camera footage shows that the vehicle's turn signal was engaged prior to turning and provides no indication that the signal was initiated less than 100 feet prior to turning.
3. The stop was fully recorded on the officers' in-car camera and Officer Saric's body camera.
4. Both officers approached the car and ordered the occupants out of the vehicle.

5. The Defendant Officers handcuffed the Plaintiff, then later charged him with unlawful possession of a firearm, even though there was no probable cause or other legal justification for the Plaintiff's stop, detention and arrest.

6. As a result of the actions of Defendant Officers, the Plaintiff was taken into custody on February 17, 2018 and forced to pay a $10,000 I bond to be released.

7. The Plaintiff was charged with misdemeanor possession of a firearm.

8. There was no probable cause or other legal justification for charging the Plaintiff with possession of the firearm.

9. The case was dismissed on October 23, 2018 in a manner consistent with the innocence of the Plaintiff.

10. As a result of Defendant Officers' actions, the Plaintiff experienced injuries including but not limited to loss of freedom, humiliation, emotional distress, economic loss and legal expenses.

11. At all times, Defendant Officers acted intentionally and maliciously.

### COUNT I - 42 U.S.C § 1983
### ILLEGAL SEIZURE AND FALSE ARREST/FAILURE TO PREVENT ILLEGAL SEIZURE AND FALSE ARREST
### PLAINTIFF V. DEFENDANT OFFICERS

12. Each of the previous paragraphs is fully reinstated here.

13. As described above, the individual Defendant Officers, without legal justification, caused the Plaintiff to be illegally seized and falsely arrested without probable cause or any other legal justification.

14. Each of the Defendant Officers knew there was no probable cause or other legal justification for the seizure and arrest of the Plaintiff, and each of them had a reasonable opportunity to prevent the illegal seizure and false arrest, but failed to take any steps to prevent this from happening.

15. As a result of the described infringement on Plaintiff's rights, the Plaintiff suffered damages including, but not limited to, those described above.

16. The above actions denied the Plaintiff of his Fourth Amendment right to be free from unlawful searches and seizures.

## COUNT II
## MALICIOUS PROSECUTION
## PLAINTIFF V. DEFENDANT OFFICERS AND THE CITY OF CHICAGO

17. Each of the previous paragraphs is reinstated herein.

18. As described above, the Defendant Officers, acting in the course and scope of their employment with the Defendant City, caused the Plaintiff to be maliciously prosecuted in the Circuit Court Cook County without probable cause or legal justification.

19. The City of Chicago is liable based on the theory of *respondeat superior*.

20. There was no probable cause for this prosecution.

21. Each of the Defendant Officers played a significant role in the prosecution of the Plaintiff.

22. The charges were dismissed against the Plaintiff in a manner consistent with the innocence of the Plaintiff.

23. As a result of the described infringement on Plaintiff's rights, the Plaintiff suffered damages including, but not limited to, those described above.

## COUNT III – STATE LAW CLAIM
### INDEMNIFICATION
### PLAINTIFFS V. DEFEDANT CITY OF CHICAGO

24. Each paragraph of this Complaint is fully restated herein.

25. In committing the acts alleged in the preceding paragraphs, Defendant Officers were acting as an agent or employee of the City of Chicago and was working in the course and scope of their employment and under color of law. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

26. Defendant City of Chicago is the indemnifying entity for the actions of Defendant Officers, who took their actions while under color of law and in the course and scope of their employment with the Defendant.

### Request for Relief

The Plaintiff respectfully requests that the Court enter judgment in his favor and against

the Defendants, award compensatory damages and attorneys' fees and costs against all

Defendants, award punitive damages against the Defendant Officers, and grant any

other equitable relief this Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

/s/ Richard Dvorak
Richard Dvorak,

An Attorney for the Plaintiff.

Richard Dvorak
Loren Jones
DVORAK LAW OFFICES, LLC
6262 Kingery Highway, Suite 305
Willowbrook, IL 60527
(630) 568-3190 (p)
(312) 873-3869 (f)